**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**TONY PING YEW**,

                Plaintiff,

                v.

**ATTORNEY GENERAL STATE OF NEW JERSEY,** *et al.*,

                Defendants.

Civil Action No. 24-6851 (ZNQ) (JTQ)

**OPINION**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon the following submissions: Motion to Dismiss filed by Defendant law firm Ronan, Tuzzio & Giannone, P.C. ("RTG") (ECF No. 11); *pro se* Plaintiff Tony Ping Yew's Cross-Motion for Default Judgment (ECF No. 12); and a Motion to Dismiss filed by Defendants Attorney General of New Jersey, Hon. Dennis Nieves, J.S.C., Hon. Joseph Rea, J.S.C., Hon. Richard Geiger, J.A.D., Hon. Maritza Berdote Byrne, J.A.D., and Hon. Philip Paley, J.S.C. (collectively, "State Defendants") (ECF No. 14).

    The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Motions and DENY Plaintiff's Cross-Motion.

1

I.     **BACKGROUND AND PROCEDURAL HISTORY**

This matter arises out of state medical malpractice and wrongful death suits. Plaintiff, *pro se* and as Executor of the Estate for John Wei, appealed from a series of Superior Court of New Jersey, Law Division, orders that dismissed his complaints with prejudice and denied reconsideration. The Superior Court of New Jersey, Appellate Division, affirmed, and the Supreme Court of New Jersey denied certification. Plaintiff then filed the instant action against Defendant RTG as well as the Attorney General for the State of New Jersey and several state trial and appellate judges.

This litigation began in 2018 following the death of Plaintiff's godfather during his hospitalization at Robert Wood Johnson University Hospital. Plaintiff filed two *pro se* complaints in the Superior Court, Middlesex County, MID-L-7564-18 and MID-L-7569-18, which were consolidated and dismissed with prejudice by Defendant Judge Paley for lack of standing to bring a wrongful death claim as a non-blood relative of the decedent and for Plaintiff's failure to obtain a licensed attorney within 30 days of the court's order. (ECF No. 1-1 at 298-313.) Judge Paley explained that Plaintiff could not represent the estate of decedent pro se under New Jersey Court Rule 1:21-1(a) and additionally because Plaintiff would necessarily have to testify as a witness. (*Id.* at 311-312.) According to Plaintiff, Judge Paley erred and misidentified Plaintiff as an "Executor Attorney of the Estate" and improperly dismissed the action on that basis. (*Id.* at 316). Judge Paley denied Plaintiff's motion for reconsideration. (*Id.* at 322.) The Appellate Division denied Plaintiff's motion for leave to appeal and leave to represent the decedent's estate, stating that Plaintiff "is not a licensed attorney authorized to practice law in New Jersey, and so is not permitted to represent the estate of decedent under Rule 1:21(a). The motion for leave to appeal is

denied as there are motions pending in the trial court in the consolidated trial court matter." (*Id.* at 475). Plaintiff did not file an appeal in the ordinary course.

In June 2021, Plaintiff filed two more *pro se* civil complaints, MID-L-3502-21 and MID-L-3506-21, raising identical claims. Defendant Judge Rea dismissed both civil complaints pursuant to res judicata and denied reconsideration. (*Id.* at 79-82.) Plaintiff filed a third *pro se* complaint with additional defendants, MID-L-5456-21. Defendant Judge Nieves dismissed the third complaint and denied reconsideration as well as Plaintiff's motion for his recusal. (*Id.* at 75-76.) Plaintiff appealed from the dismissals and the three actions were consolidated. On December 12, 2022, the Appellate Division affirmed dismissal of Plaintiff's complaints with prejudice. (*Id.* at 743.)

On June 7, 2024, Plaintiff filed the instant action. Even upon first glance, the Complaint is atypical. Plaintiff proffers that because "[t]his is an already adjudicated complaint in the state courts," Federal Rule of Civil Procedure 8 "do[es] not apply." (Compl. 36.) Instead, Plaintiff, in his own words, filed "an appeal like brief with a table of contents, table of authorities and exhibits list to plead as Points instead of Counts." (*Id.* at 38.) From what the Court can discern, Plaintiff alleges that, Defendant RTG, in its representation of Robert Wood Johnson University Hospital and its nurses in the underlying medical malpractice action, made certain misrepresentations to the court which resulted in the dismissals of his actions. (*Id.* at 95.) Plaintiff further alleges, among other things, that Judges Rea and Nieves erred as a matter of law in their dismissals of Plaintiff's complaints for lack of standing and res judicata and the Appellate Division's (Judges Geiger and Berdote Byrne) consolidation of his actions on appeal was in error. (*Id.* at 53, 77.) Plaintiff additionally contends that the Attorney General is liable under a theory of respondeat superior. (*Id.* at 3.)

Plaintiff ultimately seeks relief under Rule 60(b).  (*Id*. at 8.)  That is, Plaintiff seeks "relief from a judgment or order" due to "mistake, inadvertence, surprise, or excusable neglect," under Rule 60(b)(1), and due to deprivation of due process which, Plaintiff argues, renders the state judgments "void" under Rule 60(b)(4).  (*Id*. at 9.)  Plaintiff frames his requested relief as "remand to the state court, preferably to a three judge Appellate Division panel with new judges, with instruction to rule on each of the three separate dockets in the second action for redetermination." (*Id*. at 4.)

Defendant RTG argues that the Complaint should be dismissed with prejudice for failure to state a claim under Rule 12(b)(6), contending that Plaintiff's requested relief is improper ("RTG Moving Br." at 4.)  State Defendants similarly argue that the Complaint be dismissed with prejudice for Plaintiff's failure to "plead a short and plain statement" as required by Rule 8 and that Plaintiff's claims are precluded by the *Rooker-Feldman* doctrine and Eleventh Amendment immunity.  ("State Defs Moving Br." at 2-3.)

## II.   SUBJECT MATTER JURISDICTION

Plaintiff's asserted basis for this Court's jurisdiction is 28 U.S.C. § 1331.  As discussed below, however, this Court lacks subject matter jurisdiction over Plaintiff's case under the *Rooker-Feldman* doctrine.

## III.   LEGAL STANDARD

"Under [Rule] 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim."  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  Application of the *Rooker–Feldman* doctrine to deprive the Court of subject matter jurisdiction is an appropriate basis for dismissal under Rule 12(b)(1). *Gary v. Braddock Cemetery*, 517 F.3d 195, 206 (3d Cir. 2008).  Eleventh Amendment immunity

4

may also be invoked through a 12(b)(1) motion as depriving the Court of subject matter jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 694, n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). Fed. R. Civ. P. 12(b)(6).

Plaintiff in this matter is proceeding *pro se*. "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.,* 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citation omitted). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the courts'] . . . flexibility. . . . [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### IV.   DISCUSSION

The Complaint essentially asks the Court to remand fully litigated matters to state court to allow for reconsideration of its prior orders and judgments. For the reasons set forth below, the Court finds that the Complaint must be dismissed for lack of jurisdiction.

### A.  *ROOKER-FELDMAN* DOCTRINE

The Court finds that the *Rooker-Feldman* doctrine precludes it from exercising jurisdiction over the instant action, and accordingly dismisses the Complaint without prejudice and without further leave to amend. *See, e.g., Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012) (affirming district court's dismissal pursuant to the *Rooker-Feldman* doctrine for lack of subject-matter jurisdiction under Rule 12(b)(1)).

Under the *Rooker–Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Put differently, the *Rooker–Feldman* doctrine bars a suit where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n. 4 (citations omitted). The doctrine will bar a claim in federal court when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and they are "closely related." *Id.* at 166, 168.

Here, Plaintiff seeks relief that is barred by the *Rooker-Feldman* doctrine. Crucially, all four criteria are met: (1) Plaintiff lost in state court by unsuccessfully opposing dismissal of his complaints, (2) Plaintiff complains of a loss of monetary relief that was foreclosed by the state-court judgments, (3) the state court judgments preceded the instant action, and (4) Plaintiff has asked the Court to review those judgments and remand the matter to be heard anew. In sum, Plaintiff's request that this Court reexamine and overturn or vacate the state court judgments and

ultimately "remand" the case plainly implicates the *Rooker-Feldman* doctrine. *See McCall v. Glendale Uptown Home/GS Operator LP*, Civ No. 20-1281, 2020 WL 5602525, at *4 (E.D. Pa Sept. 18, 2020) (finding the plaintiff's claims barred by *Rooker-Feldman* where the plaintiff "attributes the injuries she describes in her Complaint to the state court proceedings and judgments that barred her from representing her mother's estate pro se").

Despite Plaintiff's argument that "remand relief" does not require the Court to vacate any state court judgments—under the theory that "remand relief do[es] not void a state judgment," remand relief is plainly not available here as a procedural matter because this the case has not been removed. Additionally, the Court lacks jurisdiction to direct state courts to reopen matters or conduct further proceedings. Accordingly, the Court finds that it lacks subject matter jurisdiction over the Complaint. It is therefore unnecessary for the Court to address Defendants' other non-jurisdictional grounds for dismissal, including judicial immunity. *See Tauro v. Baer*, 395 F. App'x 875, 877 (3d Cir. 2010) (affirming dismissal of a complaint against Pennsylvania state judges based on a lack of jurisdiction under the *Rooker-Feldman* doctrine).

The Complaint will therefore be dismissed pursuant to Rule 12(b)(1). Given that the Court determined it does not have jurisdiction to hear this matter, the Court will deny Plaintiff's Motion for Default Judgment.

### B.     ELEVENTH AMENDMENT IMMUNITY

State Defendants additionally argue that even if the Complaint is not barred under *Rooker-Feldman,* the Complaint must be dismissed because these Defendants, sued in their official capacity, are entitled to Eleventh Amendment immunity. To the extent that Plaintiff does not seek what amounts to an appeal from underlying judgments but rather alleges a violation of Plaintiff's rights and seeks to collect money damages for injuries allegedly caused by State Defendants, the

Court finds that it additionally lacks jurisdiction as to the State Defendants pursuant to sovereign immunity.

The Eleventh Amendment bars civil lawsuits against states, "but also suits for damages against 'arms of the State'—entities that, by their very nature, are so intertwined with the State that any suit against them renders the State the 'real, substantial party in interest.'" *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 83 (3d Cir. 2016) (citation omitted). State court judges are considered "arms" of the state, and therefore immune from suit, both monetary and equitable, for conduct that occurred while serving in their official capacity as a judge. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("[S]tate courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state."); *see also ASAH v. N.J. Dep't of Educ.*, Civ. No. 16-3935, 2017 WL 2829648, at *8 (D.N.J. Jun. 30, 2017) (noting that courts "have routinely held that sovereign immunity applies to a state or state agency, regardless of whether legal or equitable relief is sought."); *Reardon v. New Jersey*, Civ. No. 13-5363, 2014 WL 2921030, at *4 (D.N.J. June 27, 2014) (explaining that as officers of the state of New Jersey, state court judges enjoy sovereign immunity); *Smith v. Smith*, Civ. No. 20-9120, 2020 WL 4199782, at *4 (D.N.J. July 22, 2020) (dismissing section 1983 claims against Governor Murphy and Attorney General Grewal because they were state officials sued in the official capacity and therefore entitled to sovereign immunity).

Given the foregoing, the Court further finds that it would be futile to provide Plaintiff with an opportunity to amend his complaint. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002); *see also Ajjahnon v. The State,* 238 F. App'x 769, 771 (3d Cir. 2007) (affirming dismissal without leave to amend of action barred by *Rooker–Feldman* doctrine).

## V.     CONCLUSION

For the reasons stated above, the Court will GRANT Defendants' motions to dismiss (ECF Nos. 11 and 14).  Plaintiff's Cross-Motion for Default Judgment (ECF No. 12) will be DENIED AS MOOT.  The Complaint will be DISMISSED WITHOUT PREJUDICE and without further leave to amend.

Date: March 27, 2025

                                          s/ Zahid N. Quraishi
                                          **ZAHID N. QURAISHI**
                                          **UNITED STATES DISTRICT JUDGE**